## MATTER OF DRACHMAN

### Application for Classification as Refugee

### A-12491783

#### Decided by District Director March 8, 1966

Applicant, a native of Poland and citizen of Cuba, who was granted indefinite voluntary departure following her entry into the United States as a nonimmigrant visitor in 1961; who, because unalterably opposed to the Communist government of Castro, fled from, and is unwilling to return to, Cuba, and who has been continuously physically present in the United States for more than 2 years prior to her application for adjustment of status, is accorded refugee classification under the proviso to section 203(a)(7), Immigration and Nationality Act, as amended, and, being otherwise eligible, her application for adjustment of status to that of a permanent resident pursuant to section 245 of the Act is granted.

The applicant is a 57-year-old native of Poland and citizen of Cuba. She was admitted to the United States as a nonimmigrant visitor on July 16, 1961 and was granted indefinite voluntary departure on September 7, 1961. On January 3, 1966 she submitted an application for classification as a refugee under the proviso to section 203(a)(7) of the Immigration and Nationality Act, as amended, and contemporaneously therewith submitted an application for permanent residence under section 245 of the Immigration and Nationality Act.

The applicant emigrated to Cuba in the year 1929 and thereafter became a citizen of Cuba on December 18, 1943. While in Cuba, she resided with her husband, a well-to-do merchant who died in 1953. Prior to her departure to the United States July 16, 1961, the Cuban Government intervened an apartment house owned by the applicant. In addition, she left behind a plastics business and real property valued in excess of $300,000. She departed from Cuba because she was unalterably opposed to the Communist government of Castro.

Applicant has been physically present continuously in the United States to date since her arrival on July 16, 1961 except for a trip to

Venezuela for the period June 4, 1963—June 10, 1963 to attend the wedding of her youngest son. Applicant is a widow, unemployed, and resides with her eldest son who is a permanent resident of the United States. She has submitted financial evidence that would indicate she is not likely to become a public charge. At the present time she has no relative who could file a petition in her behalf to accord her a preference.

Section 203(a)(7) of the Immigration and Nationality Act states as follows:

"Conditional entries shall next be made available by the Attorney General, pursuant to such regulations as he may prescribe and in a number not to exceed 6 per centum of the number specified in section 201(a)(ii), to aliens who satisfy an Immigration and Naturalization Service officer at an examination in any non-Communist or non-Communist-dominated country, (A) that (i) because of persecution or fear of persecution on account of race, religion or political opinion they have fled (I) from any Communist or Communist-dominated country or area, or (II) from any country within the general area of the Middle East, and (ii) are unable or unwilling to return to such country or area on account of race, religion, or political opinion, and (iii) are not nationals of the countries or the areas in which their application for conditional entry is made; or (B) that they are persons uprooted by catastrophic natural calamity as defined by the President who are unable to return to their usual place of abode. For the purpose of the foregoing, the term 'general area of the Middle East' means the area between and including (1) Libya on the west, (2) Turkey on the north, (3) Pakistan on the East, and (4) Saudi Arabia and Ethiopia on the south; *Provided*, That immigrant visas in a number not exceeding one-half the number specified in this paragraph may be made available, in lieu of conditional entries of a like number, to such aliens who have been continuously physically present in the United States for a period of at least two years prior to application for adjustment of status."

The applicant meets the criteria of section 203(a)(7) in that she has fled from a Communist nation, to wit: Cuba, and is unwilling to return to Cuba because of her political opinions; she is not a national of the United States wherein she is making her application and, in addition, she has been continuously physically present in the United States for a period of at least two years prior to her application for adjustment of status. Accordingly, the applicant is eligible for ad-

justment of status under the proviso to section 203(a)(7) of the Immigration and Nationality Act, as amended.

**ORDER:** It is ordered that the applications for classification as a refugee under the proviso to section 203(a)(7) of the Immigration and Nationality Act, as amended, and for adjustment of status to permanent resident under section 245 of the Immigration and Nationality Act, be and the same are hereby granted.